WRIGHT, J.
Three causes are assigned as the ground of this motion to quash; but we shall at present consider only one of them, that which regards the power of the Court of Common Pleas to make the nunc pro tune order for entering the notice.
The case of Ludlow's heirs v. Johnston, 3 O. 577, seems conclusive upon the point. It was there held that a nunc pro tunc *510 order could not be made upon matter resting wholly in parol. That case decided that if the cause is gone from the jurisdiction of the court, it can make no order relating to it. If the case before us was appealed, as is claimed, it was appealed by the fact of notice being given, and the bond filed, before the nunc pro tunc order was made. Under the authority of the case cited, therefore, the court had not the case before it to make any order upon it. If the case 497] *was not then appealed, the question arises whether the Court of Common Pleas could give an appeal, in any other way than that pointed out by law. The record shows, that the law was not complied with, and that the application to the Court of Common Pleas was to permit the party to do what he should have done before: it was not to supply evidence (the true office of a nunc pro tunc order) of what had before been done, but of which the legal evidence, through neglect, had not been preserved.
The law 29 O. L. 78, requires that notice of the intention to appeal, shall be entered by the party desirous of appealing, on the records of the court, during the term at which the judgment or decree is rendered, &c. It is certified to us in this case, that no such notice was, in fact, given; but that the attorney for the party desirous of appealing, satisfied the court that instead of giving notice on the minutes of the court or records, under the law, he had given oral notice in court of his intention to appeal, “which was omitted tobe entered on the minutes,” and thereupon the court ordered it to be entered, as of that time. It is competent for courts, where things have been done by the court, which can only be evidenced by the record, and by the omission of the clerk, the entry has not been made, to supply the proof by a nunc pro tunc entry; but it is supposed the court is without power, by subsequent order, to create evidence that a thing took place, which never did in fact occur. The latter is the case before us. The court, instead of being satisfied that the notice was given according to law, but not properly evidenced, shows that they were satisfied it was not so done, but done in another way; and therefore, ordered it be entered as if done according to law, because of the mistake of the party. The law requires the party to give notice on the records: it is his act, not that of the court or the clerk. If he relies upon the clerk to do it, the clerk, for that act, is his agent, and the party must, at his peril, see to it, that the act is legally done. If omitted, the court has no power to change it, and make that legal which was not so when done, any more than it has to change the terms of a contract between parties.
The appeal is quashed.
*511 [Power to make nunc pro tunc entries sometimes undoubted, as when relating to amendments of returns, rules or interlocutory orders; Landon v. Reid, 10 O. 202, 204.]